```
 1  ISMAIL J. RAMSEY (CABN 189820)
    United States Attorney
 2
    MARTHA BOERSCH (CABN 126569)
 3  Chief, Criminal Division

 4  WENDY M. GARBERS (CABN 213208)
    Assistant United States Attorney
 5
        450 Golden Gate Avenue, Box 36055
 6      San Francisco, California 94102-3495
        Telephone: (415) 436-6475
 7      FAX: (415) 436-7234
        wendy.garbers@usdoj.gov
 8
    Attorneys for United States of America
 9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No. 23-cr-00115 CRB |
|---|---|
| Plaintiff, | ) [~~PROPOSED~~] DETENTION ORDER |
| v. | ) |
| CESAR RAMOS, | ) |
| Defendant. | ) |

On April 18, 2023, defendant Cesar Ramos was charged in a two-count Indictment with distribution and possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

This matter came before the Court on February 29, 2024, for a detention hearing. The defendant was present and represented by Hanni M. Fakhoury. Assistant United States Attorney Wendy M. Garbers appeared for the government. The government moved for detention, and the defendant opposed.^ At the hearing, counsel submitted proffers and arguments regarding detention.

^ Pretrial Services recommended detention based on risk of flight.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of evidence that no condition or combination of conditions will reasonably mitigate the risk of non-appearance/flight. Accordingly, the defendant must

[~~PROPOSED~~] DETENTION ORDER                1
No. 23-cr-00115 CRB


be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: Defendant lacks a viable surety and lacks bail resources. Defendant does not have strong or long term ties to the community—he owns no property here, he does not have a spouse or blood relatives who live here, and his family is in Honduras. Defendant lacks any verifiable employment in the community, and his claimed inability to remember the name of the bakery and furniture store where he claims to have worked gives the Court doubts. Defendant has prior failures to appear in connection with his previous federal prosecution and also lied to the Court in that case about his age. Although his sole conviction was ultimately vacated due to his status as a minor, defendant has a history of arrests related to narcotics distribution. Accordingly, the Court concludes that defendant has not overcome the rebuttable presumption of detention in this matter. *See* 18 U.S.C. § 3142(e)(3)(A).

This finding is made without prejudice to the defendant's right to seek review of his detention, or to file a motion for reconsideration if circumstances warrant it, including identifying a viable proposed surety/custodian.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: March 4, 2024

_____
HON. PETER H. KANG
United States Magistrate Judge

[PROPOSED] DETENTION ORDER                    2
No. 23-cr-00115 CRB