ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6475
FAX: (415) 436-7234
wendy.garbers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CESAR RAMOS,<br><br>  Defendant. | No. 23-cr-00115 CRB<br><br>**UNITED STATES'S SENTENCING MEMO**<br><br>Date:  September 18, 2024<br>Time:  10:00 a.m. |

## I. INTRODUCTION

Cesar Ramos is recidivist drug dealer, with a history of dealing drugs in the Tenderloin neighborhood of San Francisco. The serious and repeated nature of his crimes warrants a significant sentence, and the government recommends a year and a day.

## II. BACKGROUND

On March 25, 2020, Ramos was convicted by this Court of distributing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *U.S. v. Ramos*, 19-CR-00594-EMC. The conviction arose from Ramos's October 23, 20219 sale of heroin to an undercover police officer at Golden Gate Avenue and Larkin Street, in the Tenderloin neighborhood of San Francisco. Ramos was sentenced to time-served, with a three-year period of supervised release. (P.S.R. at § 47.) On August 22, 2020, while he was on

supervised release, Ramos was arrested at Larkin and Turk Street, in the Tenderloin neighborhood of San Francisco for battery. Ramos was searched incident to his arrest and found with significant quantities of drugs in his possession, including fentanyl and methamphetamine. In connection with the Form 12 proceedings, evidence surfaced suggesting that Ramos had lied about his age and was actually a minor when originally arrested and charged with distribution of heroin. Accordingly, the government did not oppose Ramos's motion to vacate his conviction, which was granted. (PSR at §§ 47-48.)

On January 17, 2023, an SFPD officer observed Ramos selling drugs in the Tenderloin neighborhood again. An undercover officer responded to the area. Ramos sold the undercover $40 worth of fentanyl. SFPD obtained a warrant to search Ramos and his vehicle. On January 20, 2023, Ramos was found with 110.1 grams gross of fentanyl and 22.1 grams gross of methamphetamine in his possession. (ECF 20 at ¶ 2.) In addition to the foregoing, Ramos also has numerous arrests for drug-distribution activity in the Tenderloin from when he was a minor. (PSR at §§ 40-46.)

On April 18, 2023, the grand jury returned a two-count Indictment, charging Ramos with Distribution and Possession with Intent to Distribute Fentanyl, in violation of §§ 841(a)(1) and (b)(1)(C), related to the January 17 and 20, 2023 incidents. (ECF 1.) On July 31, 2024, Ramos accepted responsibility for his crimes and entered guilty pleas. (ECF 20.)

## III. SENTENCING GUIDELINES CALCULATIONS

The government agrees with the Sentencing Guidelines calculations set forth in the PSR:

a. Base Offense Level, U.S.S.G. §2D1.1(c)(4):     24
b. Acceptance of Responsibility, U.S.S.G.§3E1.1:  -3
c. Zero-point Offender, U.S.S.G. § 4C1.1:         -2
d. Total Offense Level:                           19

(PSR at ¶¶ 25-34.)

The PSR calculates Ramos's criminal history as category I. (PSR at ¶ 38.) The government agrees with this calculation as well. As reflected in the PSR, the Guidelines range for imprisonment associated with adjusted offense level 19 and Criminal History Category I is 30-37 months. (PSR at ¶ 73.)

## IV.     GOVERNMENT'S SENTENCING RECOMMENDATION

The Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to rehabilitate the defendant. 18 U.S.C. § 3553(a)(2); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  Section 3553(a) sets forth several factors that the Court must consider in determining a just sentence: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines range for sentences; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims.  18 U.S.C. § 3553(a); *Carty*, 520 F.3d at 991.  The Guidelines are "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).  Although the Guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007).

The Court should impose a sentence of a year and a day here, which is a below-Guidelines sentence.  Ramos is a recidivist drug dealer, with a prior (albeit vacated) federal conviction for dealing drugs in the Tenderloin.  Although this conviction was vacated, it was not vacated for innocence.  It was vacated because Ramos initially lied to the Court about his age.  When Ramos was on supervised release for that prior, vacated conviction, he resumed dealing drugs in the Tenderloin.  Prior to that, Ramos sustained numerous arrests for dealing drugs in the Tenderloin.  (PSR at §§ 40-46.)

Notwithstanding these prior interactions with the justice system, Ramos has continued his continued his criminal activity and specifically continued to sell drugs, including fentanyl, in the Tenderloin.  "Fentanyl is among the most dangerous and deadly illegal drugs.  It is fifty times stronger than heroin and about 100 times stronger than morphine." *United States v. Alfonso Ramos*, No. 320MJ71799MAG1EJD, 2020 WL 7714535, at *3 (N.D. Cal. Dec. 29, 2020).  San Francisco is experiencing a fentanyl epidemic, centered in the Tenderloin, which has resulted in hundreds of overdose deaths annually.  *See* https://www.sfchronicle.com/projects/san-francisco-drug-overdose-deaths/ (last accessed September 9, 2024).  The Tenderloin open-air drug market not only creates suffering for its participants (including staggering amounts of overdoses and fatalities) but also dire

externalities for the people and families that live and work in the Tenderloin, as well as for San Francisco at large.  The effects of the defendant's offense, considered as an individual act, are destructive; the effects of the offense, considered in the aggregate, are catastrophic.

Ramos's narcotics trafficking history demonstrates that a significant sentence is necessary to protect the community and to deter his conduct in the future.  The Ninth Circuit has held that a sentencing court acts fully within its discretion when it "consider[s] the defendant's repetition of the same or similar offenses" and bases its sentence on that circumstance.  *United States v. Segura-Del Real*, 83 F.3d 275, 277 (9th Cir. 1996).  A year and a day sentence is significant, yet not greater than necessary, and accounts for some of the mitigating factors identified by Probation.  *See* PSR at Sentencing Recommendation.

A sentence of a year and a day does not result in sentencing disparities either.  Unlike the other defendants Ramos points to (whose complete factual circumstances are not before this Court), Ramos has a long history of dealing drugs in the Tenderloin and a prior (albeit vacated) federal conviction for dealing drugs in the Tenderloin.  As such, the government did not extend him a Fast Track offer.  However, the government does recommend a below-Guidelines sentence of a year and a day, to account for the mitigating circumstances defense counsel identifies, including Ramos's difficult upbringing.

Finally, the Court should impose a 3-year term of supervised release with expanded search and stay-away-from-Tenderloin conditions.  Ramos's criminal history shows that he poses a high risk of re-offense, and a warrantless search condition and stay-away order is "necessary to mitigate that risk."  *See United States v. Cervantes*, 859 F.3d 1175, 1184 (9th Cir. 2017).

## V. CONCLUSION

For the foregoing reasons, the government recommends that the Court sentence Ramos to a year and a day in custody, 3 years supervised release, and a $100 special assessment.

DATED: September 11, 2024                                    Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney


*Wendy M. Garbers*
WENDY M. GARBERS
Assistant United States Attorney